```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          22-cr-273 (JSR)

VITALY BORKER,


            Defendant.
                                        Conference
------------------------------x

                                        New York, N.Y.
                                        August 16, 2022
                                        3:00 p.m.

Before:

                 HON. JED S. RAKOFF,

                                        District Judge

                     APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW WEINBERG
     Assistant United States Attorney

LEO SHALIT
     Attorney for Defendant

ALSO PRESENT:

U.S. Postal Inspector Daniel Gabel
```

1           (Case called)
2           MR. WEINBERG:  Good afternoon, your Honor.
3           Matthew Weinberg, appearing for the government.
4           With me at counsel table is Postal Inspector Daniel
5    Gabel from the United States Postal Inspection Service.
6           THE COURT:  Good afternoon.
7           MR. SHALIT:  Good afternoon, your Honor.
8           For the defendant, Leo Shalit.
9           THE DEFENDANT:  Vitaly Borker.
10          THE COURT:  Good afternoon.
11          All right.  We have several pieces of business to take
12   up.
13          The first are the motions made by the defense.  The
14   first motion is a motion to dismiss Count Three, the aggravated
15   identity theft, on the ground that the indictment fails to
16   state all the elements of the offense.
17          That motion is denied.
18          The indictment is sufficient, given Second Circuit
19   precedent that it is sufficient even if it does "little more
20   than track the language of the statute and state the time and
21   place and approximate terms of the alleged crime."  That's a
22   quote from United States v. Wedd, 993 F.3d 104 (2d Cir. 2021).
23          Nevertheless, I think some particulars may have to be
24   furnished in respect to Count Three, but I will get to that
25   shortly.

|   |   |
|---|---|
| 1 | The second motion is a motion to dismiss Counts One |
| 2 | and Two on the grounds that they infringe the double jeopardy |
| 3 | clause because of Mr. Borker's previous guilty plea to similar |
| 4 | crimes.  But the criminal conduct here, though similar in kind, |
| 5 | took place during a time period for which he has never been |
| 6 | prosecuted.  So that motion is denied. |
| 7 | The third motion is a request for a bench trial. |
| 8 | What's the government's position? |
| 9 | MR. WEINBERG:  Your Honor, for the government to |
| 10 | consent to a bench trial requires approvals far above my level |
| 11 | in the U.S. Attorney's Office.  I do not yet have an answer on |
| 12 | the government's position. |
| 13 | THE COURT:  Wait a minute. |
| 14 | When did you receive these motions? |
| 15 | MR. WEINBERG:  August 3, your Honor. |
| 16 | THE COURT:  It is now August 16.  You knew I would |
| 17 | want to know the government's position, not least because we |
| 18 | are going to set a trial date. |
| 19 | Who is it you needed to run it by? |
| 20 | MR. WEINBERG:  It actually goes up to the U.S. |
| 21 | Attorney himself. |
| 22 | THE COURT:  To the U.S. attorney? |
| 23 | MR. WEINBERG:  Yes, your Honor. |
| 24 | THE COURT:  Let's see if we can get him on the phone. |
| 25 | What's his number? |

1              MR. WEINBERG:  You are asking me?
2              THE COURT:  I am asking you.
3              MR. WEINBERG:  I do not know his number.  I can look
4    in my phone, which I'm happy to do.
5              THE COURT: Hold on.  We'll find it.
6              What did you do to try to get an answer from the U.S.
7    Attorney?
8              MR. WEINBERG:  Your Honor, I discussed it with my
9    supervisors and I was intending to discuss it with defense
10   counsel further today.  I apologize.  I should have taken more
11   steps.
12             THE COURT:  Do you know whether anyone actually
13   reached out to the U.S. Attorney?
14             MR. WEINBERG:  I do not believe anyone has reached out
15   to the U.S. Attorney on this.  I can do that.
16             THE COURT:  So you discussed it with your supervisors.
17             Who specifically did you discuss it with?
18             MR. WEINBERG:  The former chief of the General Crimes
19   Unit, who just left the office two weeks ago, Rebecca
20   Mermelstein, and my current chief, Jordan Estes.
21             THE COURT:  Your current chief?
22             MR. WEINBERG:  Jordan Estes.
23             THE COURT:  What is Ms. Estes number?
24             THE DEPUTY CLERK:  Ms. Estes number is 212-637-2543.
25             THE COURT:  This is Judge Rakoff.  Ms. Estes, I am

calling you in open court in connection with a case called United States v. Borker, 22 Cr. 273, a mail fraud case. The defense made a motion for a bench trial which was filed on August 3.

Today is the final pretrial conference, when I'm planning, among other things, to set the firm, fixed, final trial date, which of course could be affected because it could affect the length of the trial as to whether it's a bench trial or a jury trial. So I asked the AUSA what the government's position was, and his initial response was that it had to be run by the U.S. Attorney, Mr. Williams. So I then inquired as to what efforts had been made to bring it to Mr. Williams' attention, and the AUSA indicated that perhaps it never had been brought to Mr. Williams' attention, that he had discussed it with your predecessor, and then I gather briefly with you, and that is, as far as he knew, as to where things stood.

So before I decide where we go from here, I wonder if you had any information to share on this.

(Pause)

THE COURT: Okay. Well, if you can get us an answer today, that will be appreciated.

I am aware of the standing policy in that regard, and I don't take personally the fact that you and the office clearly has no faith in the judges of this Court. So, anyway, if you could convey your answer to my chambers by the end of

1  the day that would be much appreciated.

2  Thank you.

3  So Ms. Estes said that she first heard about this
4  earlier today and that she felt she could get us an answer from
5  Mr. Williams by the end of the day.  However, she wanted to
6  mention to the Court the longstanding position of the U.S.
7  Attorney's Office to possess such requests.

8  I know from personal experience that that is the
9  longstanding position of the U.S. Attorney's Office.  When I
10  first went on the bench 26 years ago, the defense made a
11  similar request in the very first trial I had that began one
12  week after I went on the bench.  And the government said it was
13  its longstanding policy then to oppose such requests.  So this
14  apparently goes back -- who knows?  A hundred years?  150
15  years?  It is as silly now as it was in the previous 150 years.
16  It's always good to know that, especially with the pandemic and
17  with the heavy dockets that the Court has and its attempt --
18  not just this Court, but all my fellow judges -- to catch up on
19  the pandemic-induced backlog that the U.S. Attorney's Office
20  feels that that is small potatoes compared to a position that
21  apparently goes back to at least the time of George Washington,
22  if not Attila the Hun.  So I will proceed on the assumption
23  that this is going to be a jury trial.

24  I am, of course, personally delighted, because I
25  always love jury trials.  Why should I have to decide anything

1   as important as whether someone is guilty or not when 12 good
2   and true citizens can make that determination.
3          So I will assume it's going to be a jury trial.  If I
4   hear otherwise before the end of the day from Ms. Estes I will,
5   of course, reach out to counsel to notify them.
6          All right.  Let's continue with the motions, though
7   none are quite as good fun as that one.
8          Next is the request for a bill of particulars.
9          Now, there are various aspects of this.  Let's talk
10  about Count Three first.
11         So Count Three reads as follows:
12         "The grand jury charges:
13         "From at least in or about June 2020, up to and
14  including at least in or about February 2022, in the Southern
15  District of New York and elsewhere, Vitaly Borker, the
16  defendant, knowingly did transfer, possess, and use without
17  lawful authority a means of identification of another person
18  during and in relation to a felony violation enumerated in
19  Title 18, United States Code, Section 1028A(c).  To wit, Borker
20  used and transferred the names of two other persons (Individual
21  1 and Individual 2) during and in relation to the mail and wire
22  fraud violations charged in Counts One and Two of this
23  indictment."
24         While that is, as I've already ruled, sufficient to
25  sustain the indictment against the motion to dismiss, I don't

see how defense counsel can adequately prepare for trial without knowing who is Individual 1 and Individual 2.  So the government will file a written bill of particulars identifying those two individuals no later than a week from today.

The other aspect of the motion for a bill of particulars relates to the mail and wire fraud counts, Counts One and Two, which, after going through the statutory allegations, add the following language.  This is from the last part of Count One: "To wit, Borker defrauded customers of his retail eyewear website, eyeglassesdepot.com, by, among other things, misrepresenting the authenticity and condition of merchandise he sold and mailed to such customers."

So let me ask the government, what have you provided by way of discovery, if any, relating to those alleged misrepresentations?

MR. WEINBERG:  Yes, your Honor.

So, first of all, as the Court is aware, there is a fairly detailed complaint that was filed in this matter prior to the indictment which, of course, has been --

THE COURT:  Yes.  The complaint is one of the reasons that I don't think I should grant the bill of particulars as a general matter as to Counts One and Two, because a great deal of specificity, although it's not technically quite as binding as a bill of particulars would be, but it more than adds a lot of the detail.  But nevertheless, is there any other discovery

1   that's been provided with respect to this area that we are
2   talking about?
3              MR. WEINBERG:  There's significant discovery which
4   shows the defendant selling, or the defendant's website selling
5   to customers glasses that are represented as new and authentic
6   and that those orders were filled with glasses that were either
7   used and/or inauthentic.
8              THE COURT:  I guess what bothers me is the words
9   "among other things."  So let me ask you this:  Is the
10  government going to assert any other things?  If not, I don't
11  have to order any bill of particulars on this aspect for the
12  reasons already mentioned.  But if it is, I think there might
13  have to be a bill of particulars as to what are the "other
14  things."
15             MR. WEINBERG:  The other things that are referred to
16  in the complaint and in the discovery is the repair side of the
17  business.  There were representations made that the website
18  does repairs of eyeglasses as well, and there was evidence that
19  customers sent in eyeglasses for repair and that the repairs
20  were never completed or were completed in such a manner that --
21             THE COURT: Okay.  Forgive me for cutting you off.  I
22  don't agree with the defense that you have to supply the date
23  and all the specifics as to each misrepresentation.  That's
24  classic trial evidence.  But I do think you need to specify in
25  writing, either as part of your bill of particulars, or it can

1  be a separate writing, but something that is binding on you as
2  to what the other things are.  Otherwise the defense can't
3  prepare adequately as to that.
4        So that should be within two weeks either as part of
5  the bill of particulars, or it can be, if you prefer, in a
6  letter form or something.  Again, it doesn't have to go through
7  minute evidentiary detail, but it has to be sufficient as in
8  the fashion you were just beginning to say orally, to give the
9  defense the idea of the general nature of what those "other
10 things" are.
11       All right.  Now, with respect to the motion to
12 suppress the statements made by the defendant to the probation
13 officer verifying his place of residence on the alleged ground
14 that this is confidential, that the probation officer by
15 cooperating with the prosecution has become an agent of the
16 prosecution and thus the statements would have had to have been
17 made in the presence of Borker's counsel, that motion is
18 denied.  *See, e.g., United States v. Jennings*, 2009 WL 4110852,
19 a decision by Judge McAvoy in the Northern District of New York
20 in 2009, upholding a probation officer's authority to assist
21 with a law enforcement investigation without thereby becoming
22 an agent of the prosecution.
23       And the final motion is a motion to suppress evidence
24 acquired from three search warrants.
25       I have carefully reviewed the search warrants.  Not

only do I think that they meet all the requirements of law on their face, but even if that were not true, they would still fall within the good faith exception. *See United States v. Moore*, 968 F.2d 216 (2d Cir. 1992).

So the next thing we need to do is set a trial date.

How long a trial does the government contemplate?

MR. WEINBERG:  Your Honor --

THE COURT:  Remembering, of course, that it's going to be a jury trial.

MR. WEINBERG:  On the assumption that it is a jury trial, we would expect it to be approximately one week.

THE COURT:  Okay.

And defense counsel agrees with that?

MR. SHALIT:  Yes, your Honor.  I believe a week will be sufficient.

THE COURT:  Okay.  Let me ask defense counsel, what dates are you not available over the next couple of months?

MR. SHALIT:  May I check my phone, your Honor?

I have my calendar on my phone.

THE COURT:  I'm sorry.  Yes.  Take your calendar out. Also, why don't you go to the rostrum, where you can take off your mask, and then I can clear you more clearly.

MR. SHALIT:  Sure.  I just asked for permission to check my phone.  I have my calendar on my phone.

THE COURT:  Yes.

M8GNBORC

1       MR. SHALIT:  So, to block out about a week, a week and
2  a half, I could do in the middle of December or early December,
3  your Honor.
4       THE COURT:  What are you doing in October and
5  November?
6       MR. SHALIT:  I am a solo practitioner.  I have a heavy
7  litigation calendar.  To block off, you know, an entire week at
8  a time is challenging, unless it's done in advance.  I can see
9  November 14 through the 18th.  I have that week available right
10 now.
11      THE COURT:  I'm sorry.  You're saying November 14 is
12 or is not available?
13      MR. SHALIT:  It is.  That week November 14 through the
14 18th.
15      THE COURT:  Okay.  So that sounds reasonable to the
16 Court.
17      So we will put the trial down -- I'm sorry.  I have to
18 sit on the Ninth Circuit that week.  I'm sorry.
19      MR. SHALIT:  I am also available --
20      THE COURT:  That is a court that doesn't itself handle
21 jury trials.  I wonder how they survive.
22      Yes?
23      MR. SHALIT:  I have the next week, the 21st to the
24 23rd, right before Thanksgiving, and then the following, 28th
25 through --

1           THE COURT:  Let's look at those weeks.
2           THE DEPUTY CLERK:  You do not have a trial on the week
3    beginning the 21st, although it does end with Thanksgiving.
4           THE COURT:  The likelihood is we would sit Monday,
5    Tuesday, Wednesday and then take a two-day break and then pick
6    up the following Monday.
7           THE DEPUTY CLERK:  *In Re Platinum Beechwood* starts the
8    following Thursday.
9           THE COURT:  I think we would be over by then.  If not,
10   the other is a civil case.  We would just have them start a
11   little later.
12          THE DEPUTY CLERK:  Okay.
13          THE COURT:  We'll put it down then.  That was
14   November?
15          THE DEPUTY CLERK:  21st.
16          THE COURT:  November 21st.
17          Take a look at my individual rules, which set forth
18   the deadlines for motions *in limine*, requests to charge, things
19   of that sort.
20          Pursuant to Section 3161 of Title 18 I will exclude
21   from calculations under the Speedy Trial Act all time between
22   now and November 21, finding that such time is necessary to
23   accommodate defense counsel's reasonable schedule and have him
24   adequately prepare for trial, not to mention the several hours
25   it will take to hear from the government on the jury trial

M8GNBORC

1  issue, and that for those and other reasons the best interest
2  of justice in excluding such time substantially outweighs the
3  interests of the public and the defendant in a speedy trial.
4  　　　　　Okay.  Anything else we need to take up today?
5  　　　　　MR. WEINBERG:  Nothing from the government.
6  　　　　　MR. SHALIT:  No, your Honor.  Thank you, your Honor.
7  　　　　　THE COURT:  Very good.  Thanks very much.
8  　　　　　(Adjourned)