N1O8BORP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4               v.                          22 Cr. 273 (JSR)

5  VITALY BORKER,

6               Defendant.                  Plea

7  ------------------------------x

                                            New York, N.Y.
8                                           January 24, 2023
                                            10:15 a.m.
9
   Before:
10
                          HON. JED S. RAKOFF,
11
                                            District Judge
12
                              APPEARANCES
13
   DAMIAN WILLIAMS
14      United States Attorney for the
        Southern District of New York
15 BY:  MATTHEW WEINBERG
        WILLIAM KINDER
16      Assistant United States Attorneys

17 MAYER BROWN LLP
        Attorneys for Defendant
18 BY:  GLEN A. KOPP

19

20 Also present:  CHRISTOPHER O'ROURKE, U.S. Postal Inspection

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

N1O8BORP

1          (In open court; case called)

2          THE DEPUTY CLERK:  Will everyone please be seated and

3     will the parties please identify themselves for the record.

4          Sir, if you could move that microphone closer to you.

5          MR. WEINBERG:  Good morning, your Honor.  Matthew

6     Weinberg appearing for the government.  With me at counsel

7     table is William Kinder from my office and also Postal

8     Inspector Christopher O'Rourke from the United States Postal

9     Inspection Service.

10          THE COURT:  Good morning.

11          MR. KOPP:  Good morning, your Honor.  Glen Kopp, of

12     Mayer Brown LLP, for Mr. Vitaly Borker.  With me at counsel

13     table are two young associates at the firm, Elena Santo and

14     Jinyoung Lee, who have been helping on the case.

15          THE COURT:  Good morning.

16          My understanding is that the defendant wishes to

17     withdraw his previously entered plea of not guilty and plead

18     guilty to Count Two of the indictment.  Is that correct?

19          MR. KOPP:  That's correct, your Honor.

20          THE COURT:  We will place the defendant under oath.

21          (Defendant sworn)

22          THE COURT:  So, Mr. Borker, let me first advise you

23     that because you are under oath, anything you say that is

24     knowingly false could subject you to punishment for perjury,

25     obstruction of justice, or the making of false statements.

N1O8BORP

1           Do you understand?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Where are you from originally?

4           THE DEFENDANT:  I am from Ukraine.

5           THE COURT:  How far did you go in school?

6           THE DEFENDANT:  I have a criminal justice degree and a

7    bachelor's.

8           THE COURT:  Have you ever been treated by a

9    psychiatrist or psychologist?

10          THE DEFENDANT:  Just for depression and -- no, just

11   for depression.

12          THE COURT:  Have you ever been treated or hospitalized

13   for alcoholism?

14          THE DEFENDANT:  Treated, yes.

15          THE COURT:  And the treatments you just referred to,

16   when were these?

17          THE DEFENDANT:  In 2012 when I was in Allenwood, and

18   2017 when I was in Schuylkill.  And right now as well, I am in

19   the Solutions Program at Westchester County.

20          THE COURT:  Have you ever been treated or hospitalized

21   for drug addiction?

22          THE DEFENDANT:  In the drug program, yes.

23          THE COURT:  Have you had personal problems with a

24   particular drug?

25          THE DEFENDANT:  Yes, sir.

N1O8BORP

1          THE COURT:  What drug was that?

2          THE DEFENDANT:  Marijuana.

3          THE COURT:  Are you taking any medication for any

4    reason?

5          THE DEFENDANT:  I am taking medication.  I am taking

6    Remeron for depression and for anxiety.

7          THE COURT:  Anything else?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Are you suffering from any physical

10   ailments?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Does that medication in any way affect

13   your ability to understand these proceedings?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Do you understand these proceedings?

16         THE DEFENDANT:  I do.

17         THE COURT:  On the basis of the defendant's responses

18   to my questions and my observations of his demeanor, I find he

19   is fully competent to enter an informed plea at this time.

20         Now, you have a right to be represented by counsel at

21   every stage of these proceedings.

22         Do you understand that?

23         THE DEFENDANT:  I do, sir.

24         THE COURT:  If at any time you can't afford counsel,

25   the Court will appoint one to represent you free of charge

N1O8BORP

1    throughout the proceedings.

2             Do you understand that?

3             THE DEFENDANT:  I do.

4             THE COURT:  Mr. Kopp, are you appointed or retained?

5             MR. KOPP:  Appointed, your Honor.

6             THE COURT:  Mr. Borker, are you satisfied with Mr.

7    Kopp's representation of you?

8             THE DEFENDANT:  Extremely satisfied.

9             THE COURT:  Have you had a full opportunity to discuss

10   this matter with him?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  Have you told him everything you know

13   about this matter?

14            THE DEFENDANT:  I did.

15            THE COURT:  Now, you previously entered a plea of not

16   guilty to indictment 22 Cr. 273, but I understand that you wish

17   now to enter a plea of guilty to Count Two of that indictment

18   in satisfaction of the entire charge against you.  Is that

19   correct?

20            THE DEFENDANT:  That is correct, sir.

21            THE COURT:  Before I can accept any plea of guilty, I

22   need to make certain you understand the rights you will be

23   giving up, so I want to go over with you now the rights you

24   will be giving up.

25            Do you understand that?

N1O8BORP

1              THE DEFENDANT:  I do.

2              THE COURT:  First, you have a right to a speedy and

3      public trial by a jury on the charges against you.

4              Do you understand that?

5              THE DEFENDANT:  I do, sir.

6              THE COURT:  Second, if there were a trial, you would

7      be presumed innocent and the government would be required to

8      prove your guilt beyond a reasonable doubt before you could be

9      convicted of any charge.

10             Do you understand that?

11             THE DEFENDANT:  I do, sir.

12             THE COURT:  Third, at the trial, you would have the

13     right to be represented by counsel, and if you still could not

14     afford counsel, I would continue the representation of you by

15     Mr. Kopp free of charge throughout the trial and all other

16     proceedings.

17             Do you understand that?

18             THE DEFENDANT:  I do.

19             THE COURT:  Fourth, at the trial, you would have the

20     right to see and hear all of the witnesses and other evidence

21     against you.  Your attorney could cross-examine the

22     government's witnesses and object to the government's evidence

23     and offer evidence on your own behalf, if you so desired, and

24     could have subpoenas issued to compel the attendance of

25     witnesses and other evidence on your behalf.

N1O8BORP

1           Do you understand all that?

2           THE DEFENDANT:  Yes, I do.

3           THE COURT:  Fifth, at the trial, you would have the

4    right to testify if you wanted to, and no one could force you

5    to testify if you did not want to, and no suggestion of guilt

6    could be drawn against you simply because you chose not to

7    testify.

8           Do you understand that?

9           THE DEFENDANT:  I do.

10          THE COURT:  Finally, even if you were convicted, you

11   would have the right to appeal your conviction.

12          Do you understand that?

13          THE DEFENDANT:  I do.

14          THE COURT:  Now, do you understand that if you plead

15   guilty, you will be giving up each and every one of the rights

16   we just discussed?

17          Do you understand that?

18          THE DEFENDANT:  I do understand.

19          THE COURT:  Very good.

20          Now, you have gone over Count Two with your lawyer,

21   yes?

22          THE DEFENDANT:  I did.

23          THE COURT:  It charges you with wire fraud.  Do you

24   understand the charge against you?

25          THE DEFENDANT:  I do.

N1O8BORP

1          THE COURT:  Mr. Kopp, do you want the count read here

2    in open court or do you waive the public reading?

3          MR. KOPP:  We will waive the public reading, your

4    Honor.

5          THE COURT:  The maximum punishment you face, if you

6    plead guilty to Count Two, is 20 years' imprisonment, followed

7    by up to three years' supervised release, plus a fine of

8    whichever is greatest, either $250,000 or twice the amount of

9    money derived from the crime or twice the amount of loss to

10   victims of the crime, plus a $100 mandatory special assessment,

11   plus restitution.

12         Do you understand those are the maximum punishments

13   you face if you plead guilty?

14         THE DEFENDANT:  I do, sir.

15         THE COURT:  Also, do you understand if I do impose a

16   period of supervised release to follow any term of imprisonment

17   and you violate the conditions of supervised release, that

18   could subject you to still further imprisonment going even

19   beyond the term of supervised release?

20         Do you understand that?

21         THE DEFENDANT:  Yes, I do, sir.

22         THE COURT:  Now, I have no idea what sentence I will

23   impose, but one of the things I will take account of are the

24   sentencing guidelines, which are certain laws that recommend a

25   sentence that the Court is recommended to follow, although the

N1O8BORP

1    Court is not required to follow it, and to be perfectly frank,

2    I usually find the guidelines irrational.  Nevertheless, have

3    you gone over the guidelines with your lawyer?

4              THE DEFENDANT:  I did, sir.

5              THE COURT:  In that connection, I have been furnished

6    with a copy of a plea agreement, which we will mark as Court

7    Exhibit 1 to today's proceeding, and which takes the form of a

8    letter, dated January 19, 2023, from government counsel to

9    defense counsel.

10             It appears, Mr. Borker, that you signed it back on

11   January 19, is that right?

12             THE DEFENDANT:  Yes, I did.

13             THE COURT:  Before signing it, did you read it?

14             THE DEFENDANT:  I did.

15             THE COURT:  Did you discuss it with your lawyer?

16             THE DEFENDANT:  We did.

17             THE COURT:  Did you understand its terms?

18             THE DEFENDANT:  Absolutely.

19             THE COURT:  Did you sign it in order to indicate your

20   agreement to its terms?

21             THE DEFENDANT:  I did.

22             THE COURT:  Now, this letter agreement is binding

23   between you and the government, but it is not binding on me, it

24   is not binding on the Court.

25             Do you understand that?

N1O8BORP

1          THE DEFENDANT:  I do, sir.

2          THE COURT:  For example, with respect to the

3     guidelines, you and the government have stipulated that the

4     guideline range is 33 to 41 months.  I may agree with that.  I

5     may disagree with that.  Even if I agree with that, I may

6     sentence you to more or less or anywhere in between, and

7     regardless of where I come out, if you plead guilty, you will

8     still be bound by my sentence.

9          Do you understand that?

10          THE DEFENDANT:  I do.

11          THE COURT:  More generally, do you understand that if

12     anyone has made any kind of prediction, promise, representation

13     or estimate to you of what your sentence will be in this case,

14     they could be completely wrong, and nevertheless, if you plead

15     guilty, you will still be bound by my sentence.

16          Do you understand that?

17          THE DEFENDANT:  I do, sir.

18          THE COURT:  On the other hand, under your agreement

19     with the government, you have agreed that if I do sentence you

20     to 41 months or less, you will not appeal or otherwise attack

21     your sentence.

22          Do you understand that?

23          THE DEFENDANT:  I do, sir.

24          THE COURT:  Does the government represent that this

25     letter agreement that we have now marked as Court Exhibit 1

N1O8BORP

1      represents the entirety of any and all agreements between the

2      government and Mr. Borker?

3              MR. WEINBERG:  Yes, your Honor, it does.

4              THE COURT:  Mr. Kopp, do you confirm that is correct?

5              MR. KOPP:  That is correct, your Honor.

6              THE COURT:  Mr. Borker, do you confirm that is

7      correct?

8              THE DEFENDANT:  I do.

9              THE COURT:  Mr. Borker, other than the government, has

10     anyone else made any kind of promise to you or offered you any

11     inducement to get you to plead guilty?

12             THE DEFENDANT:  No, sir.

13             THE COURT:  Has anyone threatened or coerced you in

14     any way to get you to plead guilty?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Does the government represent that if this

17     case were to go to trial, it could through competent evidence

18     prove every essential element of this charge beyond a

19     reasonable doubt?

20             MR. WEINBERG:  Yes, it does, your Honor.

21             THE COURT:  Does defense counsel know of any valid

22     defense that would likely prevail at trial or any other reason

23     why his client should not plead guilty?

24             MR. KOPP:  No, your Honor.

25             THE COURT:  Then, Mr. Borker, tell me in your own

N1O8BORP

1          words what it is that you did that makes you guilty of this

2          charge.

3                    THE DEFENDANT:  Your Honor, in an otherwise lawful

4          operation of EyeglassesDepot.com, which is a website that sells

5          designer sunglasses, eyeglasses and does eyewear repair,

6          between in or about June 2020 and in or about February of 2022,

7          I caused a fraction of its customers who purchased eyewear to

8          receive that eyewear in a condition, unbeknownst to them, that

9          was not the advertised condition.  I knew this was wrong.  I

10         sent or caused the glasses to be sent to customers using the

11         internet and the company did accept money for the glasses

12         through payments made through the wires.  One of those

13         customers who received the glasses in the condition they had

14         not ordered was indeed located in the Southern District of New

15         York.

16                    THE COURT:  What was your position in the company?

17                    THE DEFENDANT:  I was typically the salesperson.

18                    THE COURT:  When you said that a fraction of the

19         customers received eyeglasses different from what they had

20         thought they were going to receive, approximately what

21         percentage are you talking about?

22                    MR. KOPP:  Your Honor, if I may.

23                    (Defendant confers with counsel)

24                    THE DEFENDANT:  Under seven percent.

25                    THE COURT:  In what respect were you sending the

N1O8BORP

1        customers something different from what they had bargained for?

2                THE DEFENDANT:  Essentially, what would happen is a

3        particular customer would place an order on the website, and if

4        the item was available brand-new, we would ship it brand-new.

5        But then sometimes I would find it on eBay and it was listed in

6        a condition that was not brand-new, and I felt like it was

7        acceptable.  Obviously, it's wrong to have done that.

8                THE COURT:  So you sent used glasses when they thought

9        they were getting brand-new glasses?

10               THE DEFENDANT:  Sometimes they were used, other times

11       they were display models.  They all came to my house first to

12       inspect.  So I inspected them.  But unfortunately that's the

13       wrong, to ship somebody something that is clearly not brand-new

14       in a box.

15               THE COURT:  You understood that yourself at the time?

16               THE DEFENDANT:  I did.

17               THE COURT:  Is there anything the government wants the

18       Court to further inquire about regarding the factual portion of

19       the allocution?

20               MR. WEINBERG:  Your Honor, the government believes

21       that the allocution meets the elements for wire fraud.  We

22       would just add that the government would establish at trial

23       that certain of the communications that the defendant referred

24       to were done through Google, through Google internet servers,

25       and were received by customers located in the Southern District

N1O8BORP

1      of New York, and Google did not have servers located in the

2      state of New York at the time, and so there would have been

3      interstate communications.

4              THE COURT:  Google, that's an obscure company.  I

5      think I have heard of it.

6              OK.  So is there anything else regarding any aspect of

7      the allocution that either the government or defense counsel

8      wishes the Court to further inquire about?

9              Anything from the government?

10             MR. WEINBERG:  No, your Honor.

11             THE COURT:  Anything from defense?

12             MR. KOPP:  No, your Honor.

13             THE COURT:  So, Mr. Borker, in light of everything

14     that we have now discussed, how do you now plead to Count Two

15     of indictment 22 Cr. 273, guilty or not guilty?

16             THE DEFENDANT:  Guilty.

17             THE COURT:  Because the defendant has acknowledged his

18     guilt as charged, because he has shown he understands his

19     rights, and because his plea is entered knowingly and

20     voluntarily and is supported by an independent basis in fact

21     containing each of the essential elements of the crime, I

22     accept his plea and adjudge him guilty of Count Two of

23     indictment 22 Cr. 273.

24             Now, Mr. Borker, the next stage in this process is

25     that the probation office will prepare a presentence report.

1    As part of that, you will be interviewed by the probation

2    officer.  You can have your counsel present to advise you of

3    your rights, but under my practices, you personally need to

4    answer the questions put to you by the probation officer.

5              Do you understand that?

6              THE DEFENDANT:  I do.

7              THE COURT:  After that report is in draft form, but

8    before it's in final form, you and your counsel, also

9    government counsel, will have a chance to review it and offer

10   suggestions, corrections and additions directly to the

11   probation officer, who will then prepare the report in final

12   form to come to me.

13             Independent of that, counsel for both sides are hereby

14   given leave to submit to the Court any written materials

15   bearing on any aspect of sentence, provided those materials are

16   submitted no later than one week before sentence.

17             And we will put this down for sentence for?

18             THE DEPUTY CLERK:  Monday, April 24, at 4:30.

19             THE COURT:  Monday, April 24, at 4:30.

20             Anything else we need to take -- oh, yes.  I am sorry.

21   I forgot.  There is a consent preliminary order of forfeiture,

22   which I have reviewed, and I will now sign and hand to my

23   courtroom deputy to docket.

24             Anything else?

25             MR. WEINBERG:  Nothing from the government, your

N1O8BORP

1    Honor.  Thank you.

2            MR. KOPP:  Your Honor, just on a scheduling note, is

3    there any possible way to have a morning sentencing at or

4    around that time, only to accommodate Mr. Borker's fiancee?

5            THE COURT:  I think we can arrange that.  I thought

6    the reason you were asking for that is that there was a study

7    done of Israeli judges some years ago where they apparently

8    give heavier sentences after lunch than before lunch, or maybe

9    it's the other way around.  I don't remember.  But in any

10   event, let's see what we can do.

11           THE DEPUTY CLERK:  What about Friday, April 21, at

12   10:00?

13           MR. KOPP:  That works well.  Thank you.

14           THE COURT:  Very good.  Thanks a lot.

15           (Adjourned)

16

17

18

19

20

21

22

23

24

25