UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA,

    -v-                                    22-cr-273 (JSR)

VITALY BORKER,                             OPINION AND ORDER

        Defendant.
```

JED S. RAKOFF, U.S.D.J.:

On January 24, 2023, Vitaly Borker pleaded guilty to one count of wire fraud involving his sale of counterfeit designer eyeglasses. The Court sentenced Borker, inter alia, to 30 months of imprisonment and, as relevant here, ordered restitution of $54,368.64. See ECF No. 38 ("Restitution Order"). At issue is the following provision of the Restitution Order: "While serving the term of imprisonment, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP)." Id. at 2. In a November 29, 2023 letter to the Court, Borker now moves to amend that provision to instead state: "While serving the term of imprisonment, the defendant is not required to make restitution payments." Although, under the IFRP, Borker is required to pay $300 per quarter while incarcerated, he asks to adjourn payment until his release because he lacks "significant savings or assets that could fund his restitution payments while in prison." Borker

1

Letter at 2. Borker receives small monthly deposits from his elderly mother to pay for phone calls, but his employment at his facility will earn him just $5 per month, or $15 per quarter. Id.

The Government opposes Borker's motion, contending that "[c]hallenges to IFRP plans are properly brought by a 28 U.S.C. § 2241 habeas petition" in the judicial district of incarceration (here, Massachusetts) after the exhaustion of administrative remedies. Government Letter of 12/11/2023 ("Government Letter"), at 2; see, e.g., United States v. Diggs, 578 F.3d 318, 319 (5th Cir. 2009) ("[P]risoners challenging their IFRP payment plans must do so under § 2241."). That is because such payment schedules are "administered by the BOP" and are not "court-ordered repayment schedule[s]." Diggs, 578 F.3d at 319.

While the Court would agree with the Government if Borker's motion sought merely to reconfigure his IFRP payment schedule but maintain payments during incarceration, Borker seeks to amend this Court's Restitution Order by removing any obligation to make payments until after his release. The Court thus may grant Borker's motion even under the very authority the Government cites. See id. at 319-20 ("Were [the defendant] challenging a court-ordered repayment schedule (such as the $100 a month he must pay during supervised release), suit could be brought under [18 U.S.C.] § 3664(k)."); accord 18 U.S.C. § 3664(k) (allowing "the court" to "adjust the payment schedule" for restitution "as the interests of

2

justice require" when the defendant notifies the court "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution").

The Court hereby grants Borker's motion. The Government's only substantive argument against doing so is that it "is not in the victims' interests and serves only to further delay recovery of their losses." Government Letter at 2. But Borker's release date is April 2, 2025. Any payments he would make by then under the current IFRP schedule would be less than $2,000, a small fraction of the more than $54,000 that Borker owes. The Court finds that Borker's proposed amendment would not materially impede the victims' timeline for recovery of their losses, because Borker could pay at a greater rate upon his release. See 18 U.S.C. § 3572(d)(2) ("If . . . a restitution order . . . permits other than immediate payment, the length of time over which scheduled payments will be made shall be . . . the shortest time in which full payment can reasonably be made."). Given Borker's limited financial livelihood during his incarceration and the Court's finding that his proposal will not change the ultimate time in which full payment will be made, the Court concludes that the proposed amendment serves the interests of justice. While the Court will separately issue an amended Restitution Order, the change takes effect forthwith.

SO ORDERED.

New York, NY
December 18, 2023

_____
JED S. RAKOFF, U.S.D.J

4